UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDRICK MANSON                                CIVIL ACTION

VERSUS                                         NO. 05-6302

BURL CAIN, WARDEN                              SECTION "R"

### ORDER AND REASONS

This matter is before the Court to determine whether a certificate of appealability should be issued on petitioner Fredrick Manson's *habeas* claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b). For the following reasons, the Court DENIES the motion.

I.   PROCEDURAL BACKGROUND

Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Petitioner was tried by a jury in state court on March 29 and 30, 2000, and found guilty of possession with intent to distribute cocaine. On April 6, 2000, the trial court sentenced Manson to serve ten years. The State also filed a multiple offender bill.

On June 9, 2000, the state trial court held a multiple offender hearing and determined that petitioner was a multiple offender. The trial court re-sentenced Manson to serve a life sentence. Petitioner appealed to the Louisiana Fifth Circuit Court of Appeal, which rejected petitioner's arguments and affirmed the conviction and sentence. Petitioner filed a pro se writ application to the Louisiana Supreme Court, which denied the writ without reasons on September 20, 2002. On September 19, 2002, petitioner's counsel filed an application for post conviction relief in the trial court. Following the court's denial of the application, petitioner's counsel filed a writ application with the Louisiana Fifth Circuit, which denied the writ application. Upon application for review to the Louisiana Supreme Court, the Court denied Manson's application without reasons on April 22, 2005.

Petitioner filed his federal *habeas corpus* petition on November 28, 2005. In his petition, he alleged seven grounds for relief: (1) the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) the trial court erred by denying petitioner the right to present exculpatory evidence through the co-defendant's out of court statements; (3) the trial court erred in denying petitioner a new trial; (4) the trial court erred in accepting inadequate proof to

adjudicate petitioner as a third offender and in failing to inform petitioner of his right to remain silent; (5) ineffective assistance of counsel because counsel was unprepared for trial and counsel failed to have his co-defendant present to testify at trial; (6) the prosecution withheld exculpatory information regarding the co-defendant's statements during arrest; and (7) the trial court erred in imposing a procedural bar regarding his claim regarding the detective.  This Court denied the petition on December 4, 2007.  Petitioner now moves for a certificate of appealability.

## II.  DISCUSSION

The Court may not issue a certificate of appealability here because Manson has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).

Having reviewed its December 4, 2007 Order adopting the

Magistrate Judge's Report and Recommendations and dismissing petitioner's claims, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues.  Accordingly, the Court finds that a certificate of appealability should not issue.

    New Orleans, Louisiana, this 22nd day of January, 2008.

                        _____
                              SARAH S. VANCE
                      UNITED STATES DISTRICT JUDGE